**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 26-CV-60688**

MINA AWAD,

                Plaintiff,

     v.

META PLATFORMS, INC.,

                Defendant.

**META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE SECOND AMENDED COMPLAINT,**
**TO JOIN META PAYMENTS INC. AS A DEFENDANT,**
**AND TO REMAND THIS ACTION TO STATE COURT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

    A.    Plaintiff's Proposed Second Amended Complaint Fails to Satisfy the *Hensgens* Factors and Thus Should Not Be Allowed. .......................................... 2

        1.    Plaintiff is attempting to destroy diversity. ................................................ 3

        2.    Plaintiff has been dilatory in requesting joinder. ...................................... 5

        3.    Plaintiff will not suffer injury if the Court denies joinder. ........................ 5

        4.    The equities weigh against joinder. ............................................................ 6

    B.    Plaintiff's Motion to File a Second Amended Complaint Should Be Denied. ........................................................................................................... 8

CONCLUSION ............................................................................................................... 9

-i-

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Rushaid Petroleum Inv. Co. v. Siemens Energy Inc.*,
    159 F.4th 887 (11th Cir. 2025) .......................................................................................7, 8, 9

*Andreasen v. Progressive Express Ins. Co.*,
    276 F. Supp. 3d 1317 (S.D. Fla. 2017) .............................................................................2, 3, 5

*Churchey v. Safeco Ins. Co. of Ill.*,
    No. 16-14585-CIV, 2017 WL 887188 (S.D. Fla. Feb. 2, 2017), *report and
    recommendation adopted*, 2017 WL 927945 (S.D. Fla. Mar. 3, 2017) ....................................8

*GHM (S. Beach) LLC v. Setai Owners LLC*,
    No. 12-cv-21932, 2012 WL 12969783 (S.D. Fla. Sept. 20, 2012) ...........................................2

*Hall v. United Ins. Co. of Am.*,
    367 F.3d 1255 (11th Cir. 2004) ................................................................................................8

*Hensgens v. Deere & Co.*,
    833 F.2d 1179 (5th Cir. 1987) ..................................................................................................3

*Hickerson v. Enter. Leasing Co. of Ga., LLC*,
    818 F. App'x 880 (11th Cir. 2020) .......................................................................................3, 5

*Nedelman v. AT&T Servs. & Bellsouth Commc'ns, LLC*,
    No. 24-cv-24169, 2025 WL 3776686 (S.D. Fla. Mar. 6, 2025) ...............................................2

*O'Neill v. KB Home Inc.*,
    No. 07-61490-CIV, 2008 WL 11419017 (S.D. Fla. Jan. 2, 2008).........................................2, 4

*Pretka v. Kolter City Plaza II, Inc.*,
    608 F.3d 744 (11th Cir. 2010) ..................................................................................................6

*Reyes v. BJ's Rests., Inc.*,
    774 F. App'x 514 (11th Cir. 2019) ...........................................................................................2

*Reyes v. BJ's Rests., Inc.*,
    No. 17-62583-CIV, 2018 WL 11651978 (S.D. Fla. June 8, 2018), *aff'd*, 774 F.
    App'x 514 (11th Cir. 2019) .......................................................................................................6

*Sifonte v. Fonseca*,
    No. 21-cv-20543, 2021 WL 8972153 (S.D. Fla. Sept. 29, 2021) .........................................3, 5

*Small v. Ford Motor Co.*,
    923 F. Supp. 2d 1354 (S.D. Fla. 2013) .....................................................................................8

**Statutes**

28 U.S.C. § 1447(e) ...........................................................................................................2, 8

**Federal Rules**

Fed. R. Civ. P. 15(a) ..............................................................................................................8

Defendant Meta Platforms, Inc. ("Meta" or "Meta Platforms") by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, hereby files its Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, to Join Meta Payments Inc. as a Defendant, and to Remand This Action to State Court ("Motion").

**INTRODUCTION**

Pro se Plaintiff Mina Awad ("Plaintiff") brings this suit against Meta because Meta allegedly terminated Plaintiff's Facebook account pursuant to Meta's policy against "Child Sexual Exploitation." Plaintiff filed this action in state court on February 13, 2026, and Meta removed it to federal court on March 10, 2026, based on diversity jurisdiction. One week later, on March 17, 2026, Plaintiff filed this Motion, seeking leave to file a second amended complaint and to remand this action to state court.

Plaintiff seeks to amend his complaint to add Meta Payments Inc. ("Meta Payments"), a non-diverse defendant. According to Plaintiff, doing so would destroy diversity jurisdiction and require remand. Plaintiff's Motion should be denied. *First*, Plaintiff improperly seeks to join Meta Payments for the purpose of defeating diversity jurisdiction, as demonstrated by the timing of the joinder request and the nature of the allegations raised against Meta Payments. *Second*, Meta Payments is not a proper party to this action. Although Plaintiff asserts that Meta Payments processed a $10.64 payment transaction for advertising services after Plaintiff's Facebook account was closed, that payment was processed by Meta Platforms and not Meta Payments. *Finally*, even if there were a factual basis for Plaintiff's proposed joinder of Meta Payments, Plaintiff and Meta are parties to an express contract regarding advertising services, and Plaintiff therefore cannot maintain an unjust enrichment claim against Meta Payments. Accordingly, this Court should deny

joinder and deny remand to Florida state court.[1]

**ARGUMENT**

### A.    Plaintiff's Proposed Second Amended Complaint Fails to Satisfy the *Hensgens* Factors and Thus Should Not Be Allowed.

"When a person attempts to join a party that would destroy diversity jurisdiction after the case has been removed to federal court, 28 U.S.C. § 1447(e) applies." *Nedelman v. AT&T Servs. & Bellsouth Commc'ns, LLC*, No. 24-cv-24169, 2025 WL 3776686, at *2 (S.D. Fla. Mar. 6, 2025) (citing *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998)). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

"Although in most cases a plaintiff is liberally allowed to join a new defendant, in an instance where the amended pleading would name a new non-diverse defendant in a removed case, the district court should more closely scrutinize the pleading and be hesitant to allow the new non-diverse defendant to join." *Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019); *see Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1328 (S.D. Fla. 2017) ("When evaluating a motion to join a new, non-diverse defendant, the court 'should scrutinize that amendment more closely than an ordinary amendment.'") (citation omitted). After all, "[a] plaintiff is not entitled to add non-diverse defendants in a case simply to defeat the defendant's right of removal." *O'Neill v. KB Home Inc.*, No. 07-61490-CIV, 2008 WL 11419017, at *4 (S.D. Fla. Jan. 2, 2008).

---

[1] Meta reserves all rights to raise any and all available defenses in this Court or in the State Court in the event of a remand, including its right to reinstitute the arbitration process that Plaintiff initiated. *See, e.g.*, *GHM (S. Beach) LLC v. Setai Owners LLC*, No. 12-cv-21932, 2012 WL 12969783, at *5 (S.D. Fla. Sept. 20, 2012) ("[Defendant] properly removed the instant action to federal court and did not waive its right to proceed with arbitration.").

In evaluating whether joinder of a non-diverse defendant after removal is permissible, the Eleventh Circuit has relied on the balancing test set out in *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir. 1987). *See Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020) (relying on *Hensgens* test). The *Hensgens* test requires courts to balance the following four factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." 833 F.2d at 1182.

### 1. Plaintiff is attempting to destroy diversity.

"In determining whether the purpose of adding a non-diverse defendant post-removal is to destroy federal jurisdiction, 'courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed.'" *Andreasen*, 276 F. Supp. 3d at 1329 (citation omitted). In addition, "[w]hen a plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Sifonte v. Fonseca*, No. 21-cv-20543, 2021 WL 8972153, at *4 (S.D. Fla. Sept. 29, 2021) (citation omitted).

Here, the timing of Plaintiff's proposed Second Amended Complaint strongly suggests that the purpose of adding Meta Payments is to avoid federal jurisdiction. Although Plaintiff states that he only learned after removal that Meta Payments processed "a payment transaction central to the factual circumstances of this case," Motion at 2, the payment transaction was processed in July 2025—six months before he filed his initial complaint in this case, *id.* Ex. I. Plaintiff therefore had notice of this payment transaction well before filing this lawsuit. But it was not until *after* Meta removed this action to federal court that Plaintiff sought to add allegations regarding this

payment in an attempt to add Meta Payments as a defendant.[2]  *See O'Neill*, 2008 WL 11419017, at \*4 ("[B]oth the timing and the substance of the Plaintiff's claim against [the non-diverse Defendant] show the primary purpose in belatedly adding the non-diverse Defendant in this case was to destroy diversity.").

Moreover, Plaintiff's Amended Complaint shows that the $10.64 in payments is not at all "central to the factual circumstances of this case."  Motion at 2.  In his Amended Complaint, Plaintiff alleges that "Meta permanently banned Plaintiff's [Facebook] account and emailed a defamatory statement accusing Plaintiff of 'Child Sexual Exploitation,' a demonstrably false accusation."  ECF No. 1-2 ¶ 11.  The alleged deactivation of Plaintiff's Facebook account is the gravamen of his Amended Complaint, and the remaining allegations and claims all generally relate to the alleged "defamatory statement" and an alleged report to the National Center for Missing and Exploited Children.  *Id.* ¶¶ 10-18, 44-57.  Nowhere does the Amended Complaint allege that Meta was unjustly enriched by any of Plaintiff's payments for advertising services.  Moreover, Plaintiff has consistently sought more than $100,000 for his defamation claim but has added the claim against Meta Platforms for a disputed transaction worth a mere $10.64, strongly suggesting that the unjust enrichment claim is pretextual.  *See* ECF No. 1-2 ¶ 62; Motion, Ex. A at 12-14 (Relief Requested).  Plaintiff's actions therefore strongly suggest that his real purpose is to include Meta Payments as a defendant merely to destroy diversity jurisdiction.  Indeed, Plaintiff's proposed Second Amended Complaint protests too much on this score: he devotes many paragraphs to a preemptive defense that the joinder of Meta Payments is not fraudulent and that it destroys diversity.  *See id.* ¶¶ 28-48.

---

[2] As discussed below, Meta Payments did not actually process the payment transaction, so it is not a proper party to this action in any event.  *See infra* 5-6.

### 2.   Plaintiff has been dilatory in requesting joinder.

"A plaintiff is dilatory in making a joinder request when there is no apparent reason for waiting to add a defendant until after the originally-named defendant removes the case." *Sifonte*, 2021 WL 8972153, at *5. Plaintiff has known about the $10.64 payment transaction since July 2025, long before this case was removed from state court in March 2026. *See* Motion, Ex. I. No additional discovery has occurred that would have provided Plaintiff with more knowledge now than he had prior to removal. Plaintiff's actions indicate that Meta Payments is in fact not necessary to the disposition of this case, because if Meta Payments was an essential party, it would have been named months ago. *See Sifonte*, 2021 WL 8972153, at *5 ("[T]he Court finds Plaintiffs' behavior in seeking amendment after removal dilatory as it seems quite apparent that the motivating factor for amendment was the removal."); *see also Hickerson*, 818 F. App'x at 886 ("That [plaintiffs] moved to add [the non-diverse defendant] only after removal undermines the suggestion of diligence on the plaintiffs' part.").

### 3.   Plaintiff will not suffer injury if the Court denies joinder.

The Court should next consider whether Plaintiff will suffer a significant injury if the Court were to deny the joinder request. *Andreasen*, 276 F. Supp. 3d at 1330. In making this determination, the Court evaluates whether, absent the proposed added defendant, it can "accord complete relief among existing parties." *Id.* (quoting Fed. R. Civ. P. 19(a)). Here, Plaintiff would suffer no significant injury should the Court deny his Motion because, assuming that Plaintiff's allegations are correct, the Court can accord complete relief with Meta Platforms as the only named Defendant.

Plaintiff alleges that Meta Payments processed a payment from Plaintiff shortly after Meta had disabled Plaintiff's Facebook account. Motion at 2; *id.* Ex. A ¶¶ 16-20. The payment receipt attached to Plaintiff's proposed Second Amended Complaint, however, shows that Plaintiff was

billed by Meta Platforms, not Meta Payments.  *See* Motion, Ex. I ("You're now being billed by Meta Platforms, Inc., formerly Facebook, Inc.").  And, contrary to Plaintiff's assumption, the payment was also processed by Meta Platforms, not Meta Payments.  *See* Declaration of William Mills ¶ 3;[3] *see also id.* Ex. A (Payment Receipt for $10.64 transaction).  As an advertiser, Plaintiff also agreed to Meta's Self-Serve Ad Terms, which make clear that Plaintiff contracted with Meta Platforms for advertising services.  *See id.* ¶¶ 5, 7; Ex. C ¶ 16(a) ("If you reside or have your principal place of business in the United States or Canada, Meta Platforms, Inc. provides the Self-Serve Ad Interfaces.").

### 4.  The equities weigh against joinder.

The removal statutes are designed to provide defendants with their choice of a federal or state forum, and Meta has selected a federal forum.  *See Reyes v. BJ's Rests., Inc.*, No. 17-62583-CIV, 2018 WL 11651978, at *3 (S.D. Fla. June 8, 2018) ("[G]iving diverse defendants the option of choosing a federal forum is the very purpose of the removal statutes."), *aff'd*, 774 F. App'x 514 (11th Cir. 2019).  Meta's choice of a federal forum outweighs Plaintiff's interest in joining Meta Payments, especially where Meta Payments is not a proper party to this lawsuit and Plaintiff will not be significantly injured if joinder is denied.  *See id.* at *4 ("The removal statute grants Defendant the choice of a federal forum, and Plaintiffs' interest in obtaining a late-in-the-day remand to state court does not displace that choice.").

Moreover, even if Plaintiff's transaction had been processed by Meta Payments (it wasn't), Plaintiff cannot establish a cause of action against Meta Payments.  Plaintiff seeks to bring an unjust enrichment claim against Meta Payments, alleging that it would be unjust for Meta

---

[3] "[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including by "filing affidavits in response to the plaintiffs' motion to remand." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

Payments to retain the $10.64 payment because "the transaction was processed while Plaintiff's account was already under platform enforcement restrictions."  Motion, Ex. A ¶ 107(a).  First, as discussed above, Meta Payments did not process that payment.  *See supra* 5-6; Mills Decl. ¶ 3. Second, because that payment transaction is governed by Plaintiff's express advertising contract with Meta, Plaintiff cannot maintain an unjust enrichment claim.

"Under Florida law, a plaintiff cannot pursue a claim for unjust enrichment 'if an express contract exists concerning the same subject matter.'"  *Al Rushaid Petroleum Inv. Co. v. Siemens Energy Inc.*, 159 F.4th 887, 901 (11th Cir. 2025) (quoting *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008)).  The allegations in the proposed Second Amended Complaint make clear that Plaintiff's unjust enrichment claim is based on his advertising contract with Meta.  *See* Motion, Ex. A ¶¶ 23-24 (describing billing details for "Meta Ads" based on "advertising campaigns"); *id.* Ex. I ("Meta Ads Receipt"); *see also* Mills Decl. ¶¶ 3-5, 7; *id.* Ex. C at 1 ("The following terms … apply to your use of Meta Products … for creation, submission and/or delivery of any advertising or other commercial or sponsored activity or content …."); *id.* ¶ 16 (describing user as "Contracting party").  That contract describes the payment terms for advertising services.  *See* Mills Decl., Ex. C ¶ 4(b) ("The amount you owe for each Order will be calculated based on our tracking mechanisms.").  These contractual terms regarding when and why Plaintiff was billed for certain advertisements are at the heart of Plaintiff's unjust enrichment claim.  *See* Motion, Ex. A ¶ 25 (alleging that "the payment transaction was processed after the enforcement restriction [to Plaintiff's Facebook account] had already been applied but before the permanent disablement [of his account] occurred"); *id.* ¶ 100 ("Defendant processed and retained a payment transaction in the amount of $10.64 using Plaintiff's Visa card").  Because Plaintiff's "unjust enrichment claim is based entirely on matters covered by the express contracts in this

case," the proposed Second Amended Complaint "fails to state an unjust enrichment claim as a matter of law." *Al Rushaid Petroleum*, 159 F.4th at 901.

The balance of equities thus favors retaining this case in federal court.

\*\*\*

Considering the four *Hensgens* factors, Plaintiff's Motion should be denied. *See Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1358 (S.D. Fla. 2013) ("In sum, by applying the *Hensgens* factors relevant to a district court's exercise of discretion under 28 U.S.C. § 1447(e), the Court finds that the factors militate against allowing Plaintiff to amend the Complaint to destroy complete diversity.").

**B.      Plaintiff's Motion to File a Second Amended Complaint Should Be Denied.**

Although Plaintiff requests leave to amend under Rule 15(a)(2) (Motion at 2-3), the proposed amendment would destroy the Court's diversity jurisdiction, and this Motion is therefore governed by 28 U.S.C. § 1447(e). *See supra* 2; *Churchey v. Safeco Ins. Co. of Ill.*, No. 16-14585-CIV, 2017 WL 887188, at \*1 (S.D. Fla. Feb. 2, 2017) ("The potential loss of complete diversity means that it is 28 U.S.C. § 1447(e)—and not Rule 15(a), Fed. R. Civ. P.—that governs the decision whether to give the Plaintiff leave to amend."), *report and recommendation adopted*, 2017 WL 927945 (S.D. Fla. Mar. 3, 2017).

Nevertheless, even if Rule 15(a)(2) did apply, amendment should be denied. "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Here, amendment to add Meta Payments as a defendant would be futile. First, as established above, Meta Payments is not a proper party to this action. *See* Section A.3, *supra*; Motion, Ex. I. Second,

even if Meta Payments were a proper party, Plaintiff cannot maintain an unjust enrichment claim against it.  *See* Section A.4, *supra*; *Al Rushaid Petroleum*, 159 F.4th at 901.

## CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court deny Plaintiff's Motion.

Dated: March 30, 2026

Respectfully submitted,

**ORRICK, HERRINGTON &
SUTCLIFFE LLP**

*/s/ Diana Marie Fassbender*
Diana Marie Fassbender
Florida Bar No. 17095
dszego@orrick.com
2100 Pennsylvania Avenue NW
Washington, DC  20037
Telephone: (202) 339-8533
Facsimile: (202) 339-8500

*Attorneys for Defendant
Meta Platforms, Inc.*