**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

**CASE NO.: 26-CV-60688**

FILED BY _____ D.C.

APR 06 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

MINA AWAD,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND,**

**JOINDER OF META PAYMENTS INC., AND REMAND**

**AI DISCLOSURE**

Pursuant to applicable court requirements and in the interest of transparency, Plaintiff discloses that he utilized artificial intelligence tools, including ChatGPT, Google Gemini, and Paxton AI, in the drafting and formatting of this filing. All content has been reviewed, verified, and adopted by Plaintiff, who remains solely responsible for the accuracy and substance of this submission.

i

**TABLE OF CONTENTS**

**Page**

Introduction ............................................................................. 1

Hensgens Factors Favor Joinder ................................................ 2

   1. Plaintiff Was Not Dilatory ........................................... 3

   2. Denial of Joinder Would Cause Significant Prejudice ............ 3-4

   3. The Equities Strongly Favor Joinder ........................................ 4-5

V. Narrow Jurisdictional Inquiry: Fraudulent Joinder ................. 5

   A. Governing Standard ............................................................... 5-6

   B. Application: Defendant's Own Evidence Creates
      Factual Disputes ..................................................................... 6-7

   C. Jurisdiction Is Binary—Not Based on Amount ...................... 7

   D. Defendant's Contract Argument Is Internally Inconsistent .. 7-8

   E. Joinder Is Necessary to Determine Entity Responsibility ..... 8-9

   F. Joinder Requires Remand ......................................................... 9

   G. Defendant's Remaining Arguments Fail ............................... 9-10

Conclusion ............................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

Bongino v. Daily Beast Co.,
477 F. Supp. 3d 1310 (S.D. Fla. 2020) ............................................. 1

Crowe v. Coleman,
113 F.3d 1536 (11th Cir. 1997) ............................................. 1, 5, 6, 7, 8, 9

Florence v. Crescent Res., LLC,
484 F.3d 1293 (11th Cir. 2007) ........................................ 5

Hensgens v. Deere & Co.,
833 F.2d 1179 (5th Cir. 1987) ............................................. 2, 9

Jews for Jesus, Inc. v. Rapp,
997 So. 2d 1098 (Fla. 2008) ......................................... 1

Legg v. Wyeth,
428 F.3d 1317 (11th Cir. 2005) ............................................. 1, 5, 6, 7, 8

Mayeaux v. La. Health Serv. & Indem. Co.,
376 F.3d 420 (5th Cir. 2004) ................................................. 3, 9

Triggs v. John Crump Toyota, Inc.,
154 F.3d 1284 (11th Cir. 1998) ......................................... 5

**Statutes**

28 U.S.C. § 1447(e) ................................................. 1, 4, 9, 10

**Rules**

- Fed. R. Civ. P. 8(d)(2) ................................................. 8

**TABLE OF EXHIBITS**

**Exhibit**

Exhibit B – Defendant's Terms / Materials Identifying
Meta Payments Inc. ........................................................... 2, 3, 4, 6

Exhibit C – Pre-Suit Notice (July 17, 2025) ............................ 2

Exhibit D – Formal Demand (September 2025) ...................... 2

Exhibit E – Regulatory Outreach Documentation .................. 2

Exhibit F – AAA Filing / Fees Evidence (~$2,450) ................. 3

Exhibit H – Receipt Showing "Manual Payment Requested" .. 1,4,6

Exhibit I – Plaintiff Communication (March 10, 2026) .......... 4, 6

Exhibit L – Defendant Filing Mischaracterization ................. 4, 6

Exhibit N – Account Records (No Investigation Activity) ..... 4, 6

**INTRODUCTION**

Leave to amend should be granted, and this action remanded.

This case does not arise from a contractual dispute. Plaintiff does not challenge Defendant's general ability to manage its platform. Rather, it arises from Defendant's use of the designation "Child Sexual Exploitation"—language that, to a reasonable reader, conveys an accusation of criminal conduct involving minors, not a neutral internal label. See *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008); *Bongino v. Daily Beast Co.*, 477 F. Supp. 3d 1310 (S.D. Fla. 2020).

This motion presents a narrow jurisdictional question under 28 U.S.C. § 1447(e): whether joinder of Meta Payments Inc. is proper and, if so, whether remand is required. The inquiry is limited. Fraudulent joinder exists only where there is no reasonable possibility of a claim, and all factual uncertainties must be resolved in Plaintiff's favor. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005).

That standard is dispositive here.

Defendant's own materials place Meta Payments Inc. within the payment-processing framework, yet its contemporaneous records and litigation declaration conflict on how the transaction occurred. The receipt states that a "manual payment was requested," while Defendant characterizes the charge as automated. The payment was processed within minutes of the enforcement action applying the challenged designation, placing both events within a single course of conduct. At minimum, these contradictions create factual disputes as to which entity processed and retained Plaintiff's payment.

At this stage, the Court may not resolve those disputes or credit a litigation declaration over contemporaneous records. Defendant's opposition instead seeks a merits determination under the guise of jurisdiction—asking the Court to resolve conflicts and construe ambiguities against

- 1 -

Plaintiff. That is not permitted.

Because Defendant cannot meet its heavy burden to establish fraudulent joinder, and because joinder is proper under § 1447(e), leave to amend should be granted and the case remanded.

**HENSGENS FACTORS FAVOR JOINDER**

When a plaintiff seeks to join a non-diverse defendant after removal, the Court applies the Hensgens factors. Each favors joinder.

Plaintiff acted diligently. Although aware of the charge, Plaintiff's initial focus was the reputational harm arising from Defendant's designation. Plaintiff pursued resolution pre-suit through notice (July 17, 2025), formal demand (September 2025), and regulatory outreach, and later initiated AAA proceedings. Defendant did not meaningfully participate until February 25, 2026—after this action was filed.

Meta Payments Inc.'s role was not disclosed until March 2, 2026, when Defendant produced its own materials identifying that entity within the payment-processing framework. Plaintiff moved to amend within approximately two weeks. This reflects a good-faith development of facts—not delay.

Denial of joinder would cause prejudice by forcing parallel proceedings to determine which entity processed and retained the payment arising from the same operative facts.

The equities likewise favor joinder. Defendant controlled the information identifying Meta Payments Inc. yet delayed disclosure. It cannot withhold that information and then rely on timing to oppose joinder. Plaintiff acted in good faith and incurred expense pursuing resolution, while Defendant delayed meaningful participation. These circumstances favor resolving all related issues in a single forum.

**1. Plaintiff Was Not Dilatory**

Plaintiff acted promptly once he had the information necessary to identify Meta Payments Inc.

- 2 -

Defendant first disclosed materials identifying Meta Payments Inc. within its internal payment-processing structure on March 2, 2026 (Ex. B), and Plaintiff moved to amend within approximately two weeks. That disclosure marked the first time Defendant identified Meta Payments Inc. as a participant in the transaction at issue.

Defendant's assertion that Plaintiff "knew" of the payment since July 16, 2025, mischaracterizes the issue. Awareness of a charge is not equivalent to knowledge of the entity responsible for processing, authorizing, or retaining it. Plaintiff's earlier efforts focused on reputational harm arising from Defendant's designation, and Plaintiff he consistently pursued resolution through pre-suit notice, formal demand, regulatory outreach, and arbitration before Defendant disclosed the relevant internal information.

Any temporal gap prior to March 2, 2026 is attributable to Defendant's exclusive control over—and failure to disclose—the information identifying Meta Payments Inc. Defendant cannot withhold information establishing the involvement of a resident entity and then rely on timing to oppose joinder. See *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425–27 (5th Cir. 2004).

Where the relevant facts remain within Defendant's exclusive control, a finding of fraudulent joinder is inappropriate.

## 2. Denial of Joinder Would Cause Significant Prejudice to Plaintiff

Defendant first disclosed materials identifying Meta Payments Inc. on March 2, 2026—after Plaintiff had already incurred substantial AAA fees, including approximately $2,450, (Ex. F) and pursued multiple good-faith avenues of relief. Denying joinder would convert that delayed disclosure into concrete prejudice.

Meta Payments Inc., a Florida entity identified within Defendant's own materials as part of its

- 3 -

internal payment-processing structure (Ex. B), is directly tied to the disputed $10.64 charge. Defendant's contemporaneous receipt states that a "manual payment was requested" (Ex. H) during the same enforcement sequence in which Plaintiff's account was labeled "Child Sexual Exploitation," access was restricted, and funds were retained. This reflects a distinct financial injury arising from the same continuous course of conduct.

Absent joinder, the Court cannot determine which entity processed, authorized, or retained Plaintiff's funds and therefore cannot accord complete relief among the parties. Plaintiff would be forced to pursue separate litigation in Florida to resolve that issue, creating duplicative proceedings and a risk of inconsistent outcomes.

Denying joinder would reward Defendant's delayed disclosure and undermine the purpose of 28 U.S.C. § 1447(e).

### 3. The Equities Strongly Favor Joinder

This dispute arises from a single, continuous course of conduct involving overlapping facts, witnesses, documents, and interconnected corporate actors, including Meta Payments Inc., as reflected in Defendant's own materials (Ex. B). Resolving these issues in a single forum promotes judicial economy, avoids inconsistent outcomes, and prevents duplicative litigation arising from the same operative facts.

The equities are further shaped by Defendant's control of critical information and its inconsistent representations. Defendant did not disclose the materials identifying Meta Payments Inc. until March 2, 2026, and then mischaracterized Plaintiff's March 10, 2026 position in its March 11 filing (Exs. B, I, L). Defendant also represented to the Consumer Financial Protection Bureau that it conducted a "further investigation," yet Plaintiff's account records reflect no corresponding investigative activity (Ex. N). These contradictions raise credibility concerns and underscore that key facts remain within Defendant's exclusive control.

- 4 -

Moreover, Defendant's appeal to fairness is undermined by its own conduct. Plaintiff attempted to resolve the dispute before litigation through pre-suit notice and formal demand, yet Defendant failed to engage meaningfully. Under *Hensgens*, equitable balancing considers the conduct of both parties, and Defendant cannot rely on timing arguments shaped by its own delayed disclosures and inaction.

While Defendant has an interest in a federal forum, that interest is outweighed by Plaintiff's right to pursue complete relief against all potentially responsible parties in a single action—particularly where Defendant's own disclosures necessitated amendment. Upon joinder, remand is required under 28 U.S.C. § 1447(e).

### V. Narrow Jurisdictional Inquiry: Fraudulent Joinder

## A. Governing Standard

Fraudulent joinder is a narrow exception to complete diversity, and the removing party bears a heavy burden. It may be shown only in limited circumstances. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297–99 (11th Cir. 2007); *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Defendant must show by clear and convincing evidence that there is no reasonable possibility Plaintiff can state a claim against the non-diverse defendant. *Florence*, 484 F.3d at 1299.

The inquiry is strictly limited. The Court must view the facts in Plaintiff's favor, resolve all uncertainties in Plaintiff's favor, and may not weigh competing evidence or conduct a merits analysis. *Crowe*, 113 F.3d at 1538; *Legg*, 428 F.3d at 1322–23. The question is not whether Plaintiff will ultimately prevail, but whether any reasonable possibility of liability exists. If so, joinder is proper and remand required.

Here, Defendant's own materials and conflicting transactional evidence establish at least a

- 5 -

reasonable possibility of a claim against Meta Payments Inc. Defendant's representations reinforce that conclusion. It asserted that Plaintiff "did not provide his position," despite Plaintiff's written communication the day prior (Exs. I, L), and claimed a "further investigation," yet Plaintiff's records reflect no corresponding activity (Ex. N). Defendant has produced no transaction-level data or logs.

Where Defendant's own materials create competing accounts and key facts remain unproduced, fraudulent joinder cannot be established. At minimum, those conflicts preclude a finding of fraudulent joinder as a matter of law. See *Crowe*, 113 F.3d at 1538.

## B. Application: Defendant's Own Evidence Creates Factual Disputes

This case turns on a direct conflict within Defendant's own evidence. Defendant denies involvement by Meta Payments Inc., yet its materials place that entity within the payment process (Ex. B), and its contemporaneous receipt states that a "manual payment was requested" during the same enforcement sequence (Ex. H). At the same time, Defendant relies on a declaration characterizing the charge as automated. The payment was processed within minutes of that same enforcement sequence in which Defendant applied the challenged designation implying criminal conduct, placing both actions within a single, continuous course of conduct. These contradictions create a factual dispute as to how the transaction was initiated and which entity processed, authorized, and retained Plaintiff's payment. The Mills Declaration offers only a generalized characterization unsupported by contemporaneous records or transaction-level data. Where Defendant relies on such a declaration while withholding the underlying records— materials within its exclusive control—the issue cannot be resolved at the jurisdictional stage. At this stage, Defendant's assertions cannot resolve disputed facts or negate a reasonable possibility of liability. The Court may not choose between competing factual accounts or make credibility determinations, particularly where a litigation declaration conflicts with

contemporaneous business records. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005). Even if credited, the declaration presents only a competing narrative—not a basis to foreclose liability.

Defendant's position improperly asks the Court to resolve factual disputes, credit a litigation declaration over contemporaneous records, and construe ambiguities against Plaintiff—none of which is permitted. All factual conflicts must be resolved in Plaintiff's favor. See *Crowe*, 113 F.3d at 1538.

## C. Jurisdiction Is Binary—Not Based on Amount

Defendant's attempt to minimize the $10.64 transaction is legally irrelevant. The fraudulent-joinder inquiry does not turn on the amount in dispute, but on whether there is any reasonable possibility of a claim. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

The transaction is material because it arises from the same series of events and connects Meta Payments Inc. to the conduct at issue. The payment occurred during the same enforcement sequence in which Defendant applied the challenged designation, linking the charge to a single, continuous course of conduct.

## D. Defendant's Contract Argument Is Internally Inconsistent

Defendant's position deepens—not resolves—the issue. It relies on its own materials while disavowing the involvement of Meta Payments Inc.—the very entity those materials place within Defendant's payment-processing structure. Defendant cannot invoke those materials to define the relationship while simultaneously disclaiming the role of an entity they associate with the transaction.

Reliance on select provisions does not establish a definitive allocation of responsibility. Nor does Defendant identify any express agreement between Plaintiff and Meta Payments Inc. An alleged agreement with one entity cannot preclude claims against another. Plaintiff does not concede the

- 7 -

applicability, enforceability, or scope of any such provisions and references them solely to demonstrate Defendant's inconsistent position.

At most, Defendant raises issues of contract interpretation and inter-entity responsibility that are not appropriate for resolution at this stage. See *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005). Defendant's own materials reflect a multi-entity structure without identifying which entity processed the charge.

That uncertainty is reinforced by Defendant's conflicting evidence: an "automated" characterization versus a contemporaneous record stating that a "manual payment was requested." These irreconcilable descriptions create a factual dispute that cannot be resolved in Defendant's favor. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Where Defendant's own materials create competing accounts and key facts remain unproduced, the Court cannot conclude there is no reasonable possibility of a claim.

To the extent Defendant argues that Plaintiff's claims are inconsistent or speculative, that argument fails as a matter of law. Federal Rule of Civil Procedure 8(d)(2) permits pleading in the alternative, particularly where the identity of the responsible entity or the applicability of contractual relationships is disputed. Here, Defendant's own materials create that uncertainty. Plaintiff may proceed on alternative theories, and that uncertainty independently defeats any claim of fraudulent joinder.

### E. Joinder Is Necessary to Determine Entity Responsibility

At a minimum, Meta Payments Inc. is a necessary party to determine which entity processed, authorized, and retained Plaintiff's funds. That issue cannot be resolved on the present record and depends on information within Defendant's exclusive control, including transaction routing, internal payment systems, and inter-entity responsibilities.

Where the relevant facts remain unproduced and within Defendant's control, a finding of

- 8 -

fraudulent joinder is inappropriate. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (all factual uncertainties must be resolved in the plaintiff's favor). Without joinder, the Court cannot determine which entity is responsible for the transaction or afford complete relief among the parties.

Joinder is therefore necessary to permit a full and fair determination of the parties' respective roles on a developed record, rather than an incomplete one controlled by Defendant. See *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (considering the need to avoid parallel proceedings and ensure complete relief).

## F. Joinder Requires Remand

Because Plaintiff has established a reasonable possibility of a claim against a Florida defendant, joinder is proper under 28 U.S.C. § 1447(e). Once joinder is permitted, complete diversity is destroyed and remand is required. See *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426–27 (5th Cir. 2004).

Defendant's own submissions reveal competing explanations and unresolved questions regarding which entity processed and retained Plaintiff's payment. Those disputes must be construed in Plaintiff's favor. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Where, as here, a reasonable possibility of liability exists and material facts remain disputed, the Court must permit joinder and remand rather than resolve the merits on an incomplete record.

## G. Defendant's Remaining Arguments Fail

Defendant argues that (1) the amount is insignificant, (2) Meta Payments Inc. was not involved, and (3) a contract bars recovery. None withstands scrutiny.

The amount is legally irrelevant; diversity jurisdiction does not recognize a de minimis exception. The involvement of Meta Payments Inc. is disputed by Defendant's own materials, which creates a factual dispute not appropriate for resolution at this stage.

The contract argument likewise fails. Defendant identifies no provision precluding claims against Meta Payments Inc., and no contract with that entity. Defendant cannot rely on an alleged agreement with one entity to bar claims against another. At most, it raises issues of interpretation and entity responsibility that must be resolved in Plaintiff's favor.

## CONCLUSION

Defendant cannot meet its heavy burden to establish fraudulent joinder. Its own materials place Meta Payments Inc. within the payment process, while its contemporaneous records and litigation declaration offer conflicting accounts of the same transaction. Those conflicts create factual disputes that preclude a finding of fraudulent joinder.

The inquiry is limited. The question is not whether Plaintiff will ultimately prevail, but whether any reasonable possibility of a claim exists. Where Defendant's own evidence creates ambiguity, those uncertainties must be resolved in Plaintiff's favor.

Defendant's position improperly asks the Court to resolve disputed facts and credit a litigation declaration over contemporaneous records—tasks the Court cannot perform at this stage. Even if credited, the declaration presents only a competing narrative, not a basis to foreclose liability. Because a reasonable possibility of liability exists as to Meta Payments Inc., joinder is proper under 28 U.S.C. § 1447(e). Upon joinder, complete diversity is destroyed, and remand is required.

Defendant's position seeks an impermissible merits determination at the jurisdictional stage. Plaintiff respectfully requests that the Court grant leave to amend, permit joinder of Meta Payments Inc., and remand this action.

Respectfully submitted,
Mina Awad, Pro Se Plaintiff
439 N Laurel Dr, Margate, FL 33063
Tel: 954-446-4536 | minaawadny954@gmail.com

- 10 -